# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2025

Lyle W. Cayce
Clerk

———————

No. 24-30107

———————

United States of America,

*Plaintiff—Appellant*,

*versus*

Michael A. James,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CR-102-1

———————————————————————

Before Dennis, Haynes[†], and Ramirez, *Circuit Judges*.

Per Curiam:[*]

This is an appeal of a grant of a motion to suppress evidence. Early in the morning of March 27, 2021, members of the East Baton Rouge Parish Sheriff's Office (EBRSO) Narcotics Division placed Defendant Michael A. James under physical surveillance at an apartment complex pursuant to information obtained from an informant. This information was obtained and

———————————————

[†] Judge Haynes concurs in the judgment only.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

corroborated as part of a large-scale drug trafficking investigation. After observing James leave the apartment complex, go to a storage facility, and return to the apartment complex with a blue bag, the EBRSO team sought a "rent roll" warrant for the names of people currently renting units at that storage facility.

Shortly thereafter, James reemerged from the apartment complex, and Lieutenant Jordan Webb—part of the team surveilling James—radioed an EBRSO deputy and instructed him to initiate a pretextual stop of James for a traffic infraction as part of a narcotics investigation. Accompanied by Sergeant Eric David of the EBRSO Narcotics Division and Sergeant Jesse Hale with the K-9 Unit, Sergeant Brandon Dietrich pulled James over for an illegal window tint. Sgt. Dietrich then asked for his license, registration, and insurance paperwork. After a warrant search came back clean—about fifteen minutes into the stop—James consented to the officers' request to search his vehicle. During the course of the stop, Lt. Webb obtained the rent roll warrant and identified James' storage unit. At approximately the same time the officers concluded their unsuccessful search for narcotics, Lt. Webb asked Sgt. Hale to drive to the storage unit about one block away with his K-9 to conduct a free air sniff search outside the unit.

While the remaining officers waited for the results of the sniff, they continued to detain James. Four minutes after the consent search of James' car concluded, Sgt. Hale's K-9 alerted to the presence of drugs in James' storage unit and notified Lt. Webb. Lt. Webb, who had been observing the stop from a distance, then approached the scene and advised James of his *Miranda*[1] rights. He told him that they were in the process of obtaining search warrants for his apartment and the storage unit. In response, James informed

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 24-30107

Webb that there were drugs in the storage unit and his apartment and gave Webb the keys to both. A grand jury ultimately charged James with possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1).

Before trial, James filed a motion to suppress various pieces of evidence obtained during the investigation. The district court partially granted the motion and suppressed the statements James made to Lt. Webb after his arrest (i.e., his admission about drugs in his home and storage unit). The court reasoned that the traffic stop was the sole possible constitutional justification of the stop and that the justification "ended when the deputies came up empty-handed from their search of" James's vehicle.

However, the district court never addressed the Government's argument that reasonable suspicion of drug trafficking could provide the EBRSO officers with an independent justification—beyond the window tint violation—for the stop. *See United States v. Zamora*, 661 F.3d 200, 208 (5th Cir. 2011) (finding that even when "the traffic violation no longer provided a sufficient rationale for detaining [the defendant]. . . . the reasonable suspicion of the drug-related offense remained, justifying the officers' decision to call for drug-sniffing dogs").

We vacate and remand for the district court to consider this issue in light of *Zamora*. *See United States v. Evans*, 786 F.3d 779, 778–89 (9th Cir. 2015) (vacating and remanding a district court's suppression ruling to consider whether reasonable suspicion of another illegal act justified the officer's otherwise unconstitutional detention of a defendant in the first instance); *see also Deanda v. Becerra*, 96 F.4th 750, 767 (5th Cir. 2024) ("[W]e are a court of review, not first view.").

3

No. 24-30107

For the foregoing reasons, we VACATE the district court's judgment and REMAND for further proceedings not inconsistent with this opinion.